Walter P. MAYNARD, M.D., Plaintiff—Appellant,

v.

Diana M. BONTA, individually and as R.N., Dr. Ph.D., Director of the California Department of Health Services; J. Alan Cates, individually and as Chief of the Medi–Cal Fraud Prevention Bureau of the California Department of Health Services; Maureen Bertrand, individually and as an employee of the Medical Review Branch of the Audits and Investigations Division of the California Department Health Services; Anna Nieto Gomez, individually and as Section Chief of the Medical Review Branch (Santa Ana), California Department of Health Services, Defendants—Appellees.

Walter P. Maynard, M.D., Plaintiff—Appellee,

v.

Diana M. Bonta, individually and as R.N., Dr. Ph.D., Director of the California Department of Health Services; J. Alan Cates, individually and as Chief of the Medi–Cal Fraud Preven-

tion Bureau of the California Department of Health Services; Maureen Bertrand, individually and as an employee of the Medical Review Branch of the Audits and Investigations Division of the California Department Health Services; Anna Nieto Gomez, individually and as Section Chief of the Medical Review Branch (Santa Ana), California Department of Health Services, Defendants—Appellants.

Nos. 05–55591, 05–55772.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 2007.

Filed July 25, 2007.

Patric Hooper, Esq., Hooper, Lundy & Bookman Watt Plaza, Los Angeles, CA, for Plaintiff–Appellant.

Sandra L. Goldsmith, DAG, Office of the California Attorney General, Los Angeles, CA, for Defendants–Appellees.

Before: B. FLETCHER and McKEOWN, Circuit Judges, and WHYTE,* District Judge.

## MEMORANDUM **

Walter Maynard is a doctor who provides medical services to individuals covered under Medi–Cal, California's state Medicaid program. After he was suspended from providing Medi–Cal services and had payment for services withheld for

---

* The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

more than a year, Maynard sued several State of California employees, all of whom work for state administrative offices responsible for monitoring Medi–Cal fraud. The district court granted summary judgment to appellees, holding that Maynard had failed to adduce facts sufficient to establish liability against any of the named defendants. We affirm.

■ "To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right."[1] *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir.2006) (quoting *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir.1989)). Because there is no respondeat superior liability under § 1983, plaintiffs must show personal participation in the alleged rights deprivation. *Bell v. Clackamas County*, 341 F.3d 858, 867 n. 3 (9th Cir.2003) (citing *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir.2002)). For instance, "[s]upervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others." *Menotti v. City of Seattle*, 409 F.3d 1113, 1149 (9th Cir.2005) (quoting *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir.1991)). Here, appellant's arguments regarding the liability of appellees Bonta and Cates can be distilled to the simple charge that Bonta and Cates are responsible for the purported due process violation by virtue of their supervisory positions. This charge is insufficient to establish liability.

■ With respect to the two remaining, non-supervisory appellees—Bertrand and Nieto–Gomez—appellant must adduce facts sufficient to show that appellees acted with "a reckless or callous indifference to the rights of others." *Id.* Negligence alone is not enough to establish liability under § 1983. *Daniels v. Williams*, 474 U.S. 327, 328, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Additionally, appellant must show that appellees' acts were a proximate cause of his alleged constitutional injury. *See Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning*, 216 F.3d 764, 783 (9th Cir.2000). Thus, appellant's constitutional injury, if any, must be a reasonably foreseeable consequence of appellees' actions. *See id.*; *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir.1981). In the instant case, appellant has failed to adduce any facts—by affidavit or otherwise—that suggest reckless or callously indifferent conduct by appellees, even drawing all reasonable inferences supported by the evidence in favor of appellant. Similarly, appellant has failed to demonstrate that his injuries, if any, were a reasonably foreseeable consequence of appellees' actions. Thus, the decision of the district court is:

**AFFIRMED.**

---

1. Appellees do not contest the fact that they were operating under the color of state law.